DAVID D. LIN (DL-3666)
JUSTIN MERCER (JM-4514)
LEWIS & LIN, LLC
81 Prospect Street, Suite 8001
Brooklyn, NY 11201
David@iLawco.com
Justin@iLawco.com

Telephone: (718) 243-9323
Facsimile: (718) 243-9326

*Attorneys for Plaintiff*
*David Michael Maas*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DAVID MICHAEL MAAS,<br><br>　　　　　*Plaintiff,*<br><br>　　v.<br><br>MAGICAL NIGHTS, INC., MICHAEL CHAUT, WILL RANDALL and ANDREW OKERSON,<br><br>　　　　　*Defendants.* | Case No.: 19-cv-3527<br><br>**COMPLAINT FOR CYBERSQUATTING; TRADEMARK INFRINGEMENT; UNFAIR COMPETITION and CONVERSION** |

Plaintiff David Michael Maas ("Maas"), for his complaint for damages and injunctive relief against Magical Nights Inc. d/b/a "Monday Night Magic" ("MNI"), Michael Chaut ("Chaut"), Will Randall ("Randall") and Andrew Okerson ("Okerson," and collectively with MNI, Chaut, and Randall "Defendants") alleges as follows:

## NATURE OF CASE

1.　This is an action for preliminary and permanent injunctive relief and recovery of damages arising from acts of trademark infringement, cybersquatting, unfair competition, conversion, trespass to chattels, and deceptive business practices under NY GBL § 349, in

connection with, *inter alia*, Defendants' scheme to hijack Plaintiff's domain names and steal Plaintiff's customers.

2. Plaintiff David Maas is one-half of the world-renown entertainment duo with his wife, Dania, named "David & Dania" a/k/a "QuickChange" a/k/a "CostumeChange.com". David & Dania are a mesmerizing fast, clothing change act established in 1996 and that has dazzled audiences with magical performances all over the world, including New York, for decades.  As a part of Plaintiff's business and act, he maintains websites to promote their services and brand, notably, **<costumechange.com>** and **<entertainmentathalf.com>** (the "Subject Domain Names").  Their professional lives and business (including critical email addresses resolving at the Subject Domain Names) have been connected two these domain names for 26 and 16 years, respectively.

3. This action is simple: Defendants have no basis to convert and use Plaintiff's domain names—that he has held for over 25 years—for their own benefit and to promote competing business, and thus the domain names should be returned to him immediately.

## **PARTIES**

4. Plaintiff Maas ("Plaintiff") an individual domiciled in the State of Florida.

5. Upon information and belief, Defendant Magical Nights Inc. d/b/a "Monday Night Magic" is a corporation organized and existing under the laws of the State of New York, with a principal place of business and office at 70-20 108th Street, Suite 2N, Forest Hills, New York 11375, and that transacts business in the State of New York and within this judicial district.

6. Upon information and belief, Defendant Chaut is an individual domiciled in the State of New York, residing at 70-20 108th Street, Suite 2N, Forest Hills, New York 11375 and is the principal and CEO of MNI.

7. Upon information and belief, Defendant Randall is an individual domiciled in the State of New York, with a place of employment at 70-20 108th Street, Suite 2N, Forest Hills, New York 11375 and is the principal agent of MNI responsible for the conduct alleged herein.

8. Upon information and belief, Chaut and Randall have an ownership interest in, operate and/or manage the business of the corporate defendant MNI.

9. Upon information and belief, there exists, and at all times herein mentioned there existed, a unity of interest between and among defendants MNI, Chaut and Randall vis-à-vis the ownership, operation and/or management of MNI.

10. Upon information and belief, MNI is so dominated and controlled by Chaut and Randall such that defendants MNI on the one hand, and Chaut and/or Randall, on the other, may be considered interchangeable with one another.

11. Upon information and belief, Defendant Okerson is an individual domiciled in the State of Indiana, residing at 211 N. Merrill Street, Fortville, Indiana 46040.

12. At all times material to this action, each of Defendants was the agent, servant, employee, partner, alter ego, subsidiary, or joint venture of the other Defendant, and the acts of each Defendant were in the scope of such relationship; in doing the acts and failing to act as alleged in this Complaint, each of the Defendants acted with the knowledge, permission, and the consent of the other Defendant; and each Defendant aided and abetted the other Defendant in the acts of omissions alleged in this Complaint.

## JURISDICTION AND VENUE

13. This Court has jurisdiction over the subject matter of this action pursuant to the Lanham Act, 15 U.S.C. § 1051 *et seq.* and the laws of the State of New York. This Court has subject matter jurisdiction, *inter alia*, pursuant to 28 U.S.C. §§ 1331, 1338, and 1367 *et seq*.

14. This Court has personal jurisdiction over all Defendants because, upon information and belief, they reside in and/or regularly do business in this judicial district and a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

15. Specifically, and as set forth more fully below, the Court has personal jurisdiction over Defendant Okerson pursuant to N.Y. CPLR § 302(a)(1) and (2), insofar as he committed tortious acts both within and without the State of New York, by wrongfully and unlawfully withholding Plaintiff's domain names and aiding and abetting the New York resident defendants' tortious acts described herein, and when he did, or should have expected those acts to have consequences in the State of New York. Further, upon information and belief, Okerson derives substantial revenue from interstate commerce in the course of his own acts and conduct, as well as with respect to the injury caused by his theft and conversion (described below) to personal property and/or chattels located in New York.

16. Venue in this judicial district is proper under 28 U.S.C. § 1391 in that at least two of the Defendants reside in and/or conduct substantial business in this judicial district and a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

## FACTS RELEVANT TO ALL CLAIMS

**A.     David and Dania's Business and Goodwill and Plaintiff's Establishment of CostumeChange.com and EntertainmentAtHalf.com**

17.     Plaintiff David Maas is one half of the duo "*David & Dania*", named after Plaintiff "David" and his wife, "Dania" Kaseeva, veteran entertainers and seasoned circus performers.

18.     Plaintiff's "David & Dania – Quick Change" act consists of performing a quick, costume change act in which the couple both change costumes or outfits very quickly, seemingly through magic. David and Dania have perfected a century-old tradition of quick-change acts and introduced a truly magical transformation. David and Dania's act is not entirely body transformations. Magic is still intertwined into the quick-change theme.

19.     David and Dania debuted their newly-created act in 1996, and have been billed as "QuickChange" and "CostumeChange" for decades.

20.     And the perfect visual illusion does not come cheap. Plaintiff has spent hundreds of thousands of dollars in costumes, materials, designers, airfares, and music editing to get the David and Dania act together and as much on promoting the trademarks associated with the act.

21.     David and Dania have appeared on dozens of televisions shows, like "America's Got Talent," the "Oprah Winfrey Show"

22.     On or around late 2003, Plaintiff registered the <CostumeChange.com> domain name (the "<CostumeChange.com> Domain Name") in connection with the marketing and promotion of Plaintiff's David & Dania/QuickChange entertainment services.

23. Until the events described below, Plaintiff operated the website located at the <CostumeChange.com> Domain Name (the "<CostumeChange.com> Site") which receives hundreds of thousands of visits annually.

24. Indeed, when you type "CostumeChange" into a Google search, Plaintiff's <CostumeChange.com> Site is the very first result, while Plaintiff's same site also ranks fourth in Google searches for "Costume Change."

25. Plaintiff also purchases online and print advertising to drive consumers to the <CostumeChange.com> Site.

26. On or around 2013, as Plaintiff's reputation for captivating halftime performances at sporting events exploded, Plaintiff registered the <EntertainmentAtHalf.com> domain name (the "<EntertainmentAtHalf.com> Domain Name," and collectively with the <CostumeChange.com> Domain Name, the "Subject Domain Names") in connection the marketing and promotion of Plaintiff's David & Dania/QuickChange entertainment services.

27. Until the events described below, Plaintiff operated the website located at the "<EntertainmentAtHalf.com> Domain Name (the "<EntertainmentAtHalf.com> Site," and collectively with the <CostumeChange.com> Site, "Plaintiff's Websites") which receives hundreds of thousands of visits annually.

**B.     David and Dania's Trademarks**

28. At all times relevant herein, Plaintiff consistently and extensively used the phrases "COSTUME CHANGE" and "ENTERTAINMENTATHALF.COM" in commerce as a designator of origin for its high quality services.

6

29. Plaintiff is the beneficial owner of trademarks and service marks COSTUME CHANGE and ENTERTAINMENTATHALF.COM and has used same in commerce since as early as 2003 and 2013, respectively.

30. Plaintiff uses the COSTUME CHANGE and ENTERTAINMENTATHALF.COM marks source identifiers in conjunction with his world-renown entertainment services. As a result, Plaintiff established a reputation and goodwill in his trademarks. The marks are unique, distinctive and have acquired distinctiveness through its association with Plaintiff's business and various services sold throughout the world.

31. Plaintiff has devoted substantial time, effort and money in creating awareness and promoting the COSTUME CHANGE and ENTERTAINMENTATHALF.COM marks and as a result the COSTUME CHANGE and ENTERTAINMENTATHALF.COM marks has gained widespread recognition in the field of entertainment services, including halftime performances, like Plaintiff's David & Dania™- QuickChange™ performance.

32. At all relevant times, Plaintiff owned, operated, and maintained all the assets, rights and title to David & Dania™- QuickChange™ business and the Subject Domain Names.

33. Plaintiff has not licensed Defendants to use the COSTUME CHANGE and ENTERTAINMENTATHALF.COM Marks.

34. Plaintiff owns significant and protectable common law rights to the COSTUME CHANGE and ENTERTAINMENTATHALF.COM Marks and name acquired through continuous, exclusive and extensive use in commerce, and use of the Subject Domain Names for over 26 years.

35. The Subject Domain Names are vital to client retention and acquisition.

36. Furthermore, client referrals, business networking, word-of-mouth testimonials—coupled with Plaintiff's own blood, sweat and tears—have also generated considerable interest in Plaintiff's services and the COSTUME CHANGE and ENTERTAINMENTATHALF.COM Sites.

C. **Defendants' Competing Business and Trademark Infringement**

37. Upon information and belief, Defendants MNI, its founder Chaut, and its business manager Randall operate a competing magic, entertainment act in New York.

38. In or around late 2017, Chaut and Randall gained access to Plaintiff's domain names through false pretenses regarding their acumen to book gigs for Plaintiff's David & Dania/Costume Change act, claiming it would be more economical for Plaintiff to transfer the Subject Domain Names to their MNI GoDaddy account.

39. Defendant Okerson is Chaut's and Randall's accomplice and a web designer, who, upon information and belief, maintains exclusive access to MNI's GoDaddy accounts and passwords.

40. When Plaintiff desired to part ways with Chaut and Randall, and demanded return of his domain names and emails, Defendants went rogue by hijacking the "Contact Us" page on Plaintiff's <costumechange.com> website to put a picture of Chaut and identifying MNI (where Randall is the business manager) as the sole contact for Plaintiff's business.

41. Then, Defendants turned to extortionate threats, refusing to return Plaintiff's domain names without thousands of dollar in ransom.

42. Defendants have used Subject Domain Names with the bad faith intent to profit from said use.

43. Plaintiff did not authorize Defendants to use the Subject Domain Name bearing Plaintiff's business name, the COSTUME CHANGE Mark or the ENTERTAINMENTATHALF.COM Mark.

44. Defendants have never been known by the names COSTUME CHANGE or ENTERTAINMENTATHALF.COM.

45. Defendants have not made any legitimate noncommercial or fair use of the Subject Domain Names.

46. At the time that Defendants traffic and used the Subject Domain Names, Defendants MNI, Chaut and Randall were competitors of Plaintiff's, and were fully aware of Plaintiff's business and Marks.

47. The goods and services offered by Defendants MNI, Chaut and Randall are highly similar to and directly competitive with the goods and services provided by Plaintiff under the COSTUME CHANGE and ENTERTAINMENTATHALF.COM Marks.

48. Plaintiff has no association, affiliation, sponsorship or any connection to Defendants with regarded to the Subject Domain Names.

49. On or about May 22, 2019, Plaintiff sent a cease and desist letter to Defendants demanding that they stop using the Subject Domain Names and to immediately transfer them back to Plaintiff.

50. In response, Defendants MNI, Chaut and Randall demanded $75,000 from Plaintiff to return the Subject Domain Names to Plaintiff—far in excess of any amount Defendants may have incurred in maintaining the registration of the Subject Domain Names.

51. Despite notice from Plaintiff, Defendants continue to use the Subject Domain Names to redirect users to their a website with unauthorized content promoting Defendants'

"Monday Night Magic" business thereon, and thus use the COSTUME CHANGE and ENTERTAINMENTATHALF.COM Marks in connection with the promotion of entertainment in direct competition with Plaintiff.

52. On June 13, 2019, Defendants escalated their extortionate threats by stating that they "will be taking the [<costumechange.com>] website down at 5 PM tomorrow (Friday) [June 14, 2019] while changes are made [to convert for Defendants' own competing use]."

53. Plaintiff has been and continues to be damaged by Defendants' use of the Subject Domain Names and the COSTUME CHANGE and ENTERTAINMENTATHALF.COM Marks.

**FIRST CLAIM FOR RELIEF**
**Violation of Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)**

54. Plaintiff realleges and incorporates by reference Paragraphs 1 through 53 as though fully set forth herein.

55. Plaintiff is informed and believes, and on that basis alleges, that Defendants trafficked in and are using the Subject Domain Names with the bad faith intent to profit off of Plaintiff and Plaintiff's COSTUME CHANGE and ENTERTAINMENTATHALF.COM Marks.

56. Defendants MNI, Chaut and Randall were competitors of Plaintiff's at the time that Plaintiff registered the Subject Domain Names and were well aware of Plaintiff's trademark rights.

57. In fact, Chaut's LinkedIn profile states "www.CostumeChange.com" and "Costume Change is synonymous with David & Dania, the foremost Quick Change artists in the world."

58. Further, in Chaut's LinkedIn profile, he states that "www.EntertainmentAtHalf.com" and "Entertainment At Half offers the best entertainment in all of sports."

59. Users who type the Subject Domain Names into their Web browsers are directed to Websites that Defendants have hijacked, without authorization, to display images of Chaut and references to MNI's competing business.  Using a domain name that is contains a competitor's trademark to redirect users to a hijacked-Website promoting your own services is quintessential bad faith.

60. Defendants have also engaged in bad faith by attempting to ransom Plaintiff's Subject Domain Names for thousands of dollars—when they paid nothing for them, and have no right to them.

61. The aforesaid actions constitute cybersquatting, in violation of Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

62. The unauthorized use of the COSTUME CHANGE and ENTERTAINMENTATHALF.COM Marks as domain names has caused, and unless and until enjoined will continue to cause, irreparable injury to the COSTUME CHANGE and ENTERTAINMENTATHALF.COM Marks and the good will associated with same.  An award of monetary damages alone cannot fully compensate Plaintiff for his injuries and therefore it lacks an adequate remedy at law.

63. By reason of Defendants' acts alleged herein, Plaintiff is entitled to recover profits, actual damages, and the costs of the action, or statutory damages under 15 U.S.C. § 1117, on election by Plaintiff, in the amount of One Hundred Thousand Dollars ($100,000) for each domain name.

64. The foregoing acts have been, and continue to be, deliberate, willful and wanton, making this an "exceptional" case within the meaning of 15 U.S.C. § 1117.

65. Plaintiff has incurred costs, including without limitation, attorneys' fees and court costs, in seeking to retrieve the Subject Domain Names.

**SECOND CLAIM FOR RELIEF**
**False Designations Of Origin, False Descriptions And False Representations**
**In Violation of 15 U.S.C. § 1125(a)**

66. Plaintiff repeats and incorporates herein by reference each and every one of the allegations contained in paragraphs 1 through 51, with the same force and effect as if set forth in detail herein again.

67. The COSTUME CHANGE and ENTERTAINMENTATHALF.COM Marks serve to identify the services offered by Plaintiff. Accordingly, services offered in connection with the Marks are regarded by the public as being sponsored by, approved by, authorized by, associated with and/or affiliated with Plaintiff.

68. Defendants' wrongful conversion of the COSTUME CHANGE and ENTERTAINMENTATHALF.COM Marks as domain names has caused confusion or mistake among the public as to the true origin, source, sponsorship, approval, authorization, association or affiliation of Defendants' services, all to Defendants' profit and Plaintiff's damage.

69. Defendants' aforesaid use of the COSTUME CHANGE and ENTERTAINMENTATHALF.COM Marks as domain names constitutes use of false designations of origin, false descriptions and false representations in interstate commerce in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), as a result of which Plaintiff will continue to be irreparably injured unless and until 's conduct is enjoined by this Court.

70. The foregoing acts of trademark infringement have been, and continue to be, deliberate, willful and wanton, making this an "exceptional" case within the meaning of 15 U.S.C. § 1117.

### THIRD CLAIM FOR RELIEF
### Common Law Trademark Infringement

71. Plaintiff repeats and incorporates herein by reference each and every one of the allegations contained in paragraphs 1 through 51, with the same force and effect as if set forth in detail herein again.

72. Plaintiff, by virtue of its prior adoption and use in interstate commerce of the COSTUME CHANGE and ENTERTAINMENTATHALF.COM Marks, in this judicial district and elsewhere, has acquired, established and owns valuable common law rights in the COSTUME CHANGE and ENTERTAINMENTATHALF.COM Marks.

73. Defendants' use of the COSTUME CHANGE and ENTERTAINMENTATHALF.COM Marks as domains in the Subject Domain Names constitutes copying and imitation by Defendants of the COSTUME CHANGE and ENTERTAINMENTATHALF.COM Marks, falsely designates the origin of Defendants' services, is likely to cause confusion, mistake or deception and therefore, infringes Plaintiff's common law rights in the COSTUME CHANGE and ENTERTAINMENTATHALF.COM Marks, in violation of the common law of New York.

74. Defendants' wrongful actions were willful and intentional.

75. Defendants' actions complained of herein, unless enjoined by this Court, will (1) result in the likelihood of confusion, mistake and deception by the public concerning the source or origin of services offered by Defendants, and (2) produce attendant irreparable injury and damage to Plaintiff and his business reputation.

## FOURTH CLAIM FOR RELIEF
### Common Law Unfair Competition

76. Plaintiff repeats and incorporates herein by reference each and every one of the allegations contained in paragraphs 1 through 51, with the same force and effect as if set forth in detail herein again.

77. By virtue of Plaintiff's prior use of the distinctive COSTUME CHANGE and ENTERTAINMENTATHALF.COM Marks in interstate commerce throughout the country, the Marks have come to be associated exclusively with Plaintiff and its distinctive COSTUME CHANGE and ENTERTAINMENTATHALF.COM Marks.

78. Defendants' wrongful conversion and unauthorized use in interstate commerce of the COSTUME CHANGE and ENTERTAINMENTATHALF.COM Marks as domain names directly competes with Plaintiff's services, especially given that the COSTUME CHANGE and ENTERTAINMENTATHALF.COM Marks continues to appear in the domain name portion of a user's address bar regardless of what links a user selects, is likely to cause consumer confusion as to the source or sponsorship of Defendants' services.

79. Upon information and belief, Defendants have used the COSTUME CHANGE and ENTERTAINMENTATHALF.COM Marks in the manner identified herein with the intent of trading unlawfully upon Plaintiff's established goodwill in that mark. Defendants' actions, therefore, constituted unfair competition with Plaintiff, in violation of the common law of New York, and their actions have irreparably injured and will continue to irreparably injure Plaintiff unless and until such conduct is enjoined temporarily, preliminarily and thereafter permanently by this Court.

## FIFTH CLAIM FOR RELIEF
### Conversion

80. Plaintiff repeats and incorporates herein by reference each and every one of the allegations contained in paragraphs 1 through 51, with the same force and effect as if set forth in detail herein again.

81. Defendants have committed the act of wrongful dominion over and wrongful control and retention of Plaintiff's assets belonging to Plaintiff and to the detriment of Plaintiff. Defendants possess no right, title, or interest in the Plaintiff assets, including Plaintiff's Subject Domain Names.

82. As a result of Defendants' willful and wrongful acts set forth above, Plaintiff has been damaged.

**SIXTH CLAIM FOR RELIEF**
**Unfair and Deceptive Trade Practices in Violation of N.Y. GBL § 349**

83. Plaintiff realleges and incorporates by reference Paragraphs 1 through 51 as though fully set forth herein.

84. Defendants' unauthorized use of the COSTUME CHANGE and ENTERTAINMENTATHALF.COM Marks in advertising constitutes deceptive practices through Defendants' appropriation for its own use of the name, brand, trademark, reputation, and goodwill of Plaintiff in violation of N.Y. Gen. Bus. Law § 349.

85. The aforesaid acts by Defendants have caused and, unless enjoined, will continue to cause, immediate and irreparable injury to Plaintiff's business, goodwill and reputation.

86. These acts and others stated above entitle Plaintiff to the recovery of

compensatory and punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the Court enter a judgment in its favor and against Defendants, granting, as follows:

a. That Defendants and all persons acting in concert be preliminarily and permanently enjoined from using the Subject Domain Names and be ordered to file with the Court and serve on Plaintiff within thirty (30) days after the service on Defendants of such injunction, or such shorter or extended period as the Court may direct, a report in writing under oath setting forth in detail the manner in which Defendants have complied with the injunction;

b. That Defendants, and their respective domain name registrar, and/or domain name registry, be ordered to transfer the Subject Domain Names to Plaintiff pursuant to 15 U.S.C. § 1125(d);

c. That Plaintiff recovers from Defendants all damages sustained pursuant to 15 U.S.C. § 1125(d) and/or 15 U.S.C. § 1125(a);

d. That Defendants be ordered to pay Plaintiff all damages sustained, reasonable costs, expenses, and attorneys' fees in prosecuting this action, pursuant to 15 U.S.C. 1117;

e. That Defendants be ordered to relinquish control over any websites, webpages, web hosting, social media and/or email accounts which include, are associated with, or similar to Plaintiff's trademarks;

f. An Order directing Defendants to engage in appropriate and commensurate corrective advertising;

g. A Temporary, Preliminary and Permanent Injunction enjoining and restraining Defendants and their respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendants, from using Plaintiff's trademark or any designation confusing similar thereto;

h. Actual damages in an amount to be determined at trial, but in no event less than $4,000,000, due to common law unfair competition;

i. An Order requiring a disgorgement of profits from Defendants to Plaintiff for all claims so applicable;

j. Exemplary or punitive damages in an amount appropriate to punish Defendants and to make an example of Defendants to the community;

k. That Plaintiff be awarded pre- and post-judgment interest to the maximum extent allowed by law;

l. An Order awarding attorneys' fees, costs and expenses incurred in connection with this action to Plaintiff; and

m. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so trial pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: Brooklyn, New York
June 14, 2019

                                                  LEWIS & LIN, LLC

                                                 By:  */s/ David D. Lin*
                                                 David D. Lin (DL-3666)
                                                 Justin Mercer (JM-4514)

                                                 81 Prospect Street, Suite 8001
                                                 Brooklyn, NY 11201
                                                 Tel: (718) 243-9323
                                                 Fax: (718) 243-9326
                                                 david@iLawco.com
                                                 justin@iLawco.com

                                               *Attorneys for Plaintiff*